## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEVIDA STATEN, | : | CIVIL ACTION NO.: |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| vs. | : | |
| | : | |
| AMERIHEALTH CARITAS, | : | |
| | : | |
| *Defendant.* | : | |

**I.   PRELIMINARY STATEMENT**

1.      This is an action for an award of damages, declaratory and injunctive relief, liquidated damages, penalties, punitive damages, attorney's fees and other relief on behalf of Plaintiff Devida Staten, a former employee of Amerihealth Caritas (hereinafter referred to as "Defendant").

2.      This action is brought under the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §12101 *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, *et seq.*

**II.   JURISDICTION AND VENUE**

3.      The original jurisdiction of this Court is invoked, and venue is in this district, pursuant to Title 28 U.S.C. §§1331 and 1391, and the claim is substantively based on the ADA.

4.      The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider the Plaintiff's claims arising under the PHRA.

5.      All conditions precedent to the institution of this suit have been fulfilled. Specifically, Plaintiff filed an action with the Equal Employment Opportunity Commission ("EEOC").  While Plaintiff never received a Right to Sue from the EEOC, the EEOC has

1

provided a copy of a Right to Sue dated February 27, 2019.  To the extent the EEOC mailed the Right to Sue on said date, there is a presumption of three (3) days for mailing.  As such, this action is filed within ninety (90) days of any issued Right to Sue with the mailing period.

## III.   PARTIES

6.     Plaintiff Devida Staten ("Plaintiff") is a female individual and a citizen of Pennsylvania, residing therein Commonwealth of Pennsylvania with a place of address located at 9376 Neil Road, Unit A, Philadelphia, PA 19115.

7.     Upon information and belief, Defendant Amerihealth Caritas is a managed healthcare company that provides health services to patients with a place of business located at 200 Stevens Drive, Philadelphia, PA 19113.

8.     At all times material and relevant, Defendant acted by and through its agents, employees and/or servants who acted within the scope of their employment.

9.     At all times material and relevant, Defendant acted as a "person" and "employer" under the ADA and the PHRA.

## IV.   STATEMENT OF FACTS

10.     Plaintiff began working as a Clinical Review Nurse for Defendant on or about March of 2014 until her unlawful termination on or about June 18, 2018.

11.     During her employment as a Clinical Review Nurse, Plaintiff performed her job functions in a dutiful and competent manner and at all times maintained at least a satisfactory performance level.

12.     At all times relevant hereto, plaintiff suffered from Depression and Anxiety ("Plaintiff's disabilities") and thus initiated intermittent medical leave under the Family and Medical Leave Act. Said impairments constitute disabilities under the ADA and PHRA, in that

2

they significantly interfered with Plaintiff's performance of major life activities, including concentration.

13.     In or about late 2016, Plaintiff became concerned that she was not being paid properly for overtime. She registered a complaint to Lasherrial Mallet ("Mallet"), Human Resources, and Wanda Lowery ("Lowery"), Supervisor.

14.     Thereafter, Plaintiff felt subject to a pattern of retaliation and mistreatment.

15.     Defendant thereafter transferred Plaintiff to report to Barbara Mielcarek ("Mielcarek"), a Caucasian supervisor.

16.     Plaintiff believes that Mielcarek mistreated her and treated Mielcarek's Caucasian subordinates better than her African American employees.

17.     For instance, Mielcarek doubled Plaintiff's caseload by giving her eight hospitals for review, while most employees only had been assigned to two to three hospitals.

18.     Plaintiff asked to be transferred from Mielcarek to an African American supervisor. Defendant refused to do so. However, Defendant granted the request of similarly situated Caucasian employee(s) to be moved from an African American supervisor to a Caucasian supervisor.

19.     In or about early February of 2017, Plaintiff received, for the first time, a negative evaluation, which adversely affected her pay.

20.     Plaintiff complained about mistreatment on multiple occasions, but her complaints largely went ignored.

21.     Defendant continued to target Plaintiff by assigning her far more work than similarly situated employees.

3

22.     Plaintiff believes that Defendant engaged in patterns and practices of treating Caucasian employees better than African American employees through a variety of overt and subtle means.

23.     To treat her disabilities, Plaintiff commenced a leave of absence in July of 2017 under the FMLA.

24.     Plaintiff filled out appropriate paperwork in relation to her leave of absence and provided regular updates in relation to the same.

25.     Commencing in or about the Spring of 2018, Defendant stopped communicating with Plaintiff and refused to return Plaintiff's phone calls or phone messages.

26.     Plaintiff's physician erroneously filled out a form stating that her leave would be indefinite. Plaintiff promptly tried to correct the "indefinite" designation. Her physician further fixed the designation and communicated that Plaintiff could return to work on July 6, 2018. Defendant refused to return Plaintiff's phone calls regarding the same.

27.     Defendant abruptly terminated Plaintiff's employment on June 18, 2018, without interacting with Plaintiff or returning her phone calls.

28.     As a result of the above, Defendant subjected Plaintiff to a pattern of antagonism and prevented Plaintiff from returning to work.

29.     Thus, Plaintiff believes and avers that Defendant terminated her employment for unlawful discriminatory and/or retaliatory reasons.

30.     Furthermore, Defendant did not sufficiently engage in the interactive process or offer Plaintiff a sufficient accommodation.

## COUNT I

### *(ADA- Disability Discrimination, Failure to Accommodate, and Retaliation)*

### <u>Plaintiff Staten v. Defendant</u>

31.     The averments set forth in the above paragraphs are incorporated herein as though set forth here in full.

32.     The actions of Defendant, through its agents, servants, and employees, subjected Plaintiff to discrimination because of her actual and/or perceived disabilities and/or records of impairment (Anxiety, Depression) in violation of the ADA.

33.     Defendant failed to sufficiently engage in the interactive process to accommodate Plaintiff's disability or examine reasonable alternative accommodations.

34.     Defendant terminated Plaintiff's employment based on her actual and/or perceived disability and/or record of impairment and/or need for an accommodation without sufficiently engaging in the interactive process required by law.

35.     Defendant unlawfully retaliated against Plaintiff by terminating her after she reported incidents of discrimination, requested medical leaves of absence, and sought reasonable accommodations for her disability.

36.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant, Plaintiff has sustained severe emotional and psychological distress as well as a loss of earnings and benefits.

## COUNT II

### *(PHRA- Race Discrimination, Disability Discrimination, Failure to Accommodate, and Retaliation)*

### <u>Plaintiff Staten v. Defendant</u>

5

37.     The averments set forth in the above paragraphs are incorporated herein as though set forth here in full.

38.     Defendant failed to sufficiently engage in the interactive process to accommodate Plaintiff's disability or examine reasonable alternative accommodations.

39.     Defendant terminated Plaintiff's employment based on her actual and/or perceived disability and/or record of impairment and/or need for an accommodation without sufficiently engaging in the interactive process required by law.

40.     The actions of Defendant, through its agents, servants, and employees, subjected Plaintiff to discrimination because of her race (African American) in violation of the PHRA.

41.     Defendant terminated Plaintiff's employment based on her race in violation of the PHRA.

42.     Defendant unlawfully retaliated against Plaintiff by terminating her after her reported incidences of discrimination requested medical leaves of absence, and sought reasonable accommodations for her disability.

43.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant, Plaintiff has sustained a loss of earnings and a loss of benefits.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff requests that this Court enter judgment in her favor and against Defendant, and Order that:

a.   Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment, to which she would have been entitled, had she not been subjected to unlawful race and disability discrimination;

b.   Defendant compensate Plaintiff with an award of back pay;

c.  Defendant compensate Plaintiff with an award of front pay;

d.  Defendant pay Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

e.  Defendant pay Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

f.  The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

HENNESSY LAW

BRENDAN D. HENNESSY, ESQUIRE
I.D. No. 91831
Hennessy Law
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Phone: 484-875-3111
Fax: 1-484-713-5185
bhennessy@hennessylawfirm.com

DATED: 05/31/2019