IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVIDA STATEN, | : |
| Plaintiff | : |
| | : Case No. 2:19-cv-02423-TJS |
| v. | : |
| | : JURY TRIAL DEMANDED |
| AMERIHEALTH CARITAS, | : |
| Defendants | : |

## DEFENDANT AMERIHEALTH CARITAS'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant AmeriHealth Caritas Services, LLC[1] ("AmeriHealth" or "Defendant") answers Plaintiff Devida Staten's ("Plaintiff's") Complaint as follows and assert affirmative defenses thereto:

### I.   PRELIMINARY STATEMENT

1. The averments in Paragraph 1 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied.

2. The averments in Paragraph 2 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied.

### II.   JURISDICTION AND VENUE

3. The averments in Paragraph 3 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied.

---

[1] Plaintiff named "AmeriHealth Caritas" as a party in this case. No such entity exists. On information and belief, the proper party in this case is AmeriHealth Caritas Services, LLC.

4. The averments in Paragraph 4 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied.

5. Admitted in part, denied in part. It is admitted only that Plaintiff filed a claim with the EEOC and that the EEOC issued a Dismissal and Notice of Rights dated February 27, 2019 in relation to Plaintiff's claim. AmeriHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 5 of Plaintiff's Complaint relating to Plaintiff's receipt of the February 27, 2019 notice and therefore denies the same and demands strict proof thereof. The remaining averments in Paragraph 5 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied.

### III.   PARTIES

6. Admitted in part, denied in part. It is admitted only that the name of the Plaintiff in this action is listed as Devida Staten. AmeriHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore deny the same.

7. Denied as stated. Admitted only that AmeriHealth maintains an office in Philadelphia, Pennsylvania. The remaining averments of Paragraph 7 of Plaintiff's Complaint are denied.

8. The averments in Paragraph 8 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied. In addition, AmeriHealth is without knowledge or information sufficient to form a belief as to what Plaintiff means by "[a]t all times material and relevant," and the averment that certain facts existed "[a]t all times material and relevant" is therefore denied.

9. The averments in Paragraph 9 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied. In addition, AmeriHealth is without knowledge or information sufficient to form a belief as to what Plaintiff means by "[a]t all times material and relevant," and the averment that certain facts existed "[a]t all times material and relevant" is therefore denied.

## IV. ALLEGED FACTS

10. Admitted in part, denied in part. It is admitted only that at certain times Plaintiff was employed by AmeriHealth as a Clinical Review Nurse and that her employment was terminated on or about June 19, 2018. The remaining averments in Paragraph 10 of Plaintiff's Complaint are denied.

11. Denied.

12. Admitted in part, denied in part. It is admitted only that at certain times while employed by AmeriHealth, Plaintiff was granted continuous leave accommodation under the ADA based on medical information provided to AmeriHealth. AmeriHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments in Paragraph 12 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

13. The averments in Paragraph 13 of Plaintiff's Complaint relate to a separate federal lawsuit in which Ms. Staten is a plaintiff. *See Wood v. AmeriHealth Caritas Services, LLC*, No. 173697, E.D. Pa., Complaint filed August 11, 2017. Since Plaintiff's wage-related allegations are being addressed in another federal lawsuit, AmeriHealth is not responding to those allegations in this matter.

14. Denied.

15. Admitted in part, denied in part. It is admitted that during her employment with AmeriHealth, Plaintiff was transferred to report to Barbara Mielcarek. Plaintiff's allegations are based, in part, on the averments in Paragraph 14, which is denied. Therefore, AmeriHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments in Paragraph 15 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

16. Denied. AmeriHealth specifically denies that Plaintiff was mistreated as an employee of AmeriHealth. AmeriHealth is without knowledge or information sufficient to form a belief as to what Plaintiff believes and therefore denies the same.

17. Upon information and belief, denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied. AmeriHealth specifically denies it engaged in any discriminatory conduct. By way of further response, AmeriHealth is without knowledge or information sufficient to form a belief as to what Plaintiff believes and therefore denies the same.

23. Admitted in part, denied in part. It is admitted only that at certain times while employed by AmeriHealth, Plaintiff was granted continuous leave accommodation under the ADA based on medical information provided to AmeriHealth. AmeriHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments in Paragraph 23 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

24. Admitted in part, denied in part. It is admitted only that at certain times while employed by AmeriHealth, Plaintiff was granted continuous leave accommodation under the ADA based on medical information provided to AmeriHealth. AmeriHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments in Paragraph 24 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

25. Denied.

26. Denied.

27. Admitted in part, denied in part. It is admitted only that Plaintiff was terminated on or about June 19, 2018. The remaining averments in Paragraph 27 of Plaintiff's Complaint are denied.

28. Denied.

29. Denied. AmeriHealth specifically denies that Plaintiff was terminated for an unlawful reason. By way of further response, AmeriHealth is without knowledge or information sufficient to form a belief as to what Plaintiff believes and therefore denies the same.

30. The averments in Paragraph 30 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied.

### COUNT 1

*(Alleged ADA-Disability Discrimination, Failure to Accommodate and Retaliation)*

31. This is an incorporation paragraph to which no response is required. To the extent that a response is required, Defendant incorporates all of the responses contained in this Answer as if fully set forth in this section of the Answer.

32. The averments in Paragraph 32 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied.

33. The averments in Paragraph 33 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied.

34. The averments in Paragraph 34 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied.

35. Denied.

36. The averments in Paragraph 36 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied.

## COUNT II

### *(Alleged PHRA-Race Discrimination, Disability Discrimination, Failure to Accommodate and Retaliation)*

37. This is an incorporation paragraph to which no response is required. To the extent that a response is required, Defendant incorporates all of the responses contained in this Answer as if fully set forth in this section of the Answer.

38. The averments in Paragraph 38 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied.

39. Denied.

40. The averments in Paragraph 40 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied.

41. The averments in Paragraph 41 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied.

42. The averments in Paragraph 42 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied.

35686372.5 08/09/2019

43. The averments in Paragraph 43 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests judgment in their favor on Count 6, and such further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. AmeriHealth alleges that the Complaint, and each stated cause of action contained therein, fails to state facts sufficient to constitute a cause of action against AmeriHealth.

2. AmeriHealth alleges that Plaintiff has failed to plead facts and causes of action with the requisite specificity as required by the Federal Rules of Civil Procedure and other relevant law.

3. AmeriHealth alleges that Plaintiff was an at-will employee whom Defendant could discharge at any time for any reason, provided such reason is not an unlawful one.

4. AmeriHealth alleges that all of its acts affecting the terms and/or conditions of Plaintiff's employment were motivated by legitimate, non-retaliatory, and non-discriminatory reasons. Such acts were proper, fair, legitimate business activities, and/or due to business-related reasons which were not arbitrary, capricious, or unlawful.

5. AmeriHealth alleges that Plaintiff is not entitled to any relief on any of her causes of action because she has not suffered any damage as a result of any actions taken by Defendant.

6. AmeriHealth alleges that any damages otherwise recoverable by Plaintiff are barred and/or limited by Plaintiff's failure to exercise reasonable diligence in attempting to mitigate her damages.

7. AmeriHealth alleges that Plaintiff's claims are barred because AmeriHealth acted in good faith at all times pertinent to this lawsuit.

8. AmeriHealth alleges that Plaintiff's claims are barred because she failed to prevent her own harm.

9. AmeriHealth alleges that Plaintiff is estopped from obtaining the relief sought or pursuing any of the claims raised or causes of actions contained in her Complaint under the doctrines of waiver, estoppel, laches, unclean hands, by virtue of her acts, failures to act, conduct, representations, admissions, and the like.

10. AmeriHealth alleges that Plaintiff was not a qualified individual with a disability.

11. AmeriHealth alleges that Plaintiff could not perform the essential functions of her position with or without a reasonable accommodation.

12. AmeriHealth alleges that Plaintiff failed to seek a reasonable accommodation that would allow her to perform the essential functions of her job.

13. AmeriHealth reserves the right to assert such other defenses which may become available or apparent during the course of discovery in this case and expressly reserve the right to amend this Answer to assert any and all such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant AmeriHealth prays for judgment as follows:

1. That this action be dismissed in its entirety, with prejudice;

2. That judgment be entered in favor of Defendant and against Plaintiff;

3. That Defendant be awarded its costs of suit and attorneys' fees incurred herein;

4. For such other relief as this Court may deem just and proper.

August 9, 2019                                     Respectfully submitted,

                                          **SAUL EWING ARNSTEIN & LEHR LLP**

                                          _s/ Dena B. Calo_
                                          Dena B. Calo, Esq.
                                          PA Attorney ID No. 76950
                                          Carolyn A. Pellegrini, Esq.
                                          PA Attorney ID No. 307026
                                          Angella N. Middleton
                                          PA Attorney ID No. 320027
                                          Centre Square West
                                          1500 Market Street, 38th Floor
                                          Philadelphia, PA, 19102-2186
                                          T:  (215) 972-7777
                                          F:  (215) 972-7725
                                          Dena.Calo@saul.com
                                          Carolyn.Pellegrini@saul.com
                                          Angella.Middleton@saul.com
                                          *Attorneys for Defendants*
                                          *AmeriHealth Caritas Services, LLC*
                                          *and PerformCare*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August 2019, a true and correct copy of the foregoing was served upon the following:

Brendan D. Hennessy, Esquire
Hennessy Law
101 Lindenwood Drive, Suite 225
Malvern, Pennsylvania 19355
bhennessy@hennessylawfirm.com
*Attorney for Plaintiff (terminated as of 7/26/2019); service by electronic mail.*

Devida Staten
9376 Neil Road, Unit A
Philadelphia, PA 19115
*Plaintiff; service by first class mail.*

August 9, 2019

/s/ Dena B. Calo
DENA B. CALO
*Attorney for Defendants*
*AmeriHealth Caritas Services*